UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD M. PARDUE,<br><br>                           Petitioner,<br><br>v.<br><br>R. ACEVEDO, Warden,<br><br>                           Respondent. | Case No.:  25cv1835 AJB (AHG)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Donald M. Pardue ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging violations of due process and the Eighth Amendment arising from the actions of the prison classification committee at Richard J. Donovan Correctional Facility ("RJD"), where he is incarcerated, which he asserts has resulted in him being held in prison beyond his release date.[1]  (ECF

---

[1] While the instant Petition was sent to this district (*see* ECF No. 1 at 9), Petitioner has captioned the Petition form to the San Diego County Superior Court.  (*See id.* at 1.)  Petitioner's supporting pleadings, including his declaration and a points and authorities in support of the petition, are similarly captioned to the state superior court.  (*See* ECF No. 1-2 at 1, 1-3 at 1.)  That said, given the instant Petition was addressed and mailed to this

No. 1.)  Petitioner has also paid the $5.00 filing fee.  (ECF No. 2.)  For the reasons discussed below, the case is dismissed without prejudice.

## **FAILURE TO EXHAUST STATE COURT REMEDIES**

Upon review, it does not appear state court remedies have been exhausted as to either of the two enumerated claims in the Petition.  Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies.  See 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.")  "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")

Additionally, the claims presented in the federal courts must be the same as those exhausted in state court and must also allege, in state court, how one or more of his federal rights have been violated.  *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights,

---

district, the Court will construe the Petition as one intended for filing in this Court as a federal habeas petition filed under 28 U.S.C. § 2254, as it has been docketed.

they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.")

Here, Petitioner raises two claims for relief, alleging a due process violation and an Eighth Amendment violation, both arising from the actions of the prison classification committee in attempting to impose a violent offender designation on him which he asserts has resulted in his incarceration "well beyond his actual release date based on this abuse of power."[2] (ECF No. 1-3 at 8); (*see also id.* at 1) (in which Petitioner "alleges he is being held beyond his release date due ex[c]lusively to the improper and potentially illegal actions of a Unit Classification Committee (*UCC*).")

Petitioner does not allege that he raised the claims he wishes to present here in the California Supreme Court, and instead affirmatively indicates he did not seek review in the

---

[2] The instant Petition appears on its face to challenge the duration of Petitioner's incarceration as the result of the alleged actions of the classification committee, but the Court recognizes that Petitioner also repeatedly indicates that he seeks to challenge his "conditions." (*See e.g.* ECF No. 1 at 5) ("This petition addresses prison conditions and has no relevance to my criminal commitment."); (*see also* ECF No. 1-3 at 1) ("Petitioner, Donald M. Pardue, her[e]by brings this Petition for Writ of Habeas Corpus (*Petition*) challenging the conditions of his confinement under the Eighth and Fourteenth Amendments to the United States Constitution.") "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus," while "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973). To the extent Petitioner seeks not to challenge the length or fact of his incarceration but instead seeks to challenge his conditions of confinement, his claims may not be brought in habeas. *See Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) ("[W]e hold that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983."), quoting *Preiser*, 411 U.S. at 487; *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011).

1  California Supreme Court. (*See* ECF No. 1 at 5.) Petitioner explains that he instead sought
2  administrative review and "filed an appeal that was denied at the third level." (*Id.*) If
3  Petitioner has raised his claims in the California Supreme Court, he must so specify.
4        Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal
5  of a habeas petition "[i]f it plainly appears from the face of the petition and any attached
6  exhibits that the petitioner is not entitled to relief in the district court . . ." R. 4, Rules
7  Governing Section 2254 Cases (2019). Here, it appears plain from the Petition that
8  Petitioner is not presently entitled to federal habeas relief because Petitioner has not
9  exhausted state court remedies as to any of the enumerated claims in the Petition. *See*
10 *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines
11 that a habeas petition contains only unexhausted claims, it need not inquire further into the
12 petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to
13 exhaust."), citing *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).
14       The Court additionally cautions Petitioner that under the Antiterrorism and Effective
15 Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a
16 petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a
17 State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

///

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## CONCLUSION AND ORDER

For the reasons discussed above, the instant habeas case is **DISMISSED** without prejudice. If Petitioner wishes to proceed with his habeas case by challenging the fact or duration of his confinement, Petitioner must submit, no later than **October 8, 2025**, a copy of this Order along with a completed First Amended Petition form that cures the pleading deficiencies outlined in the instant Order. The Clerk of Court is directed to send Petitioner a blank 28 U.S.C. § 2254 Amended Habeas Petition form together with a copy of this Order. If Petitioner wishes to challenge the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983, which will be given a new case number.

**IT IS SO ORDERED.**

Dated: August 8, 2025

Hon. Anthony J. Battaglia
United States District Judge